J-S59011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
               :            PENNSYLVANIA
               :
          v.          :
               :
               :
SHAWN SMITH          :
               :
       Appellant    :   No. 1094 EDA 2019

Appeal from the Judgment of Sentence Entered February 8, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004431-2018

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:         **FILED MARCH 04, 2020**

Shawn Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, after a jury convicted him of strangulation,[1] simple assault,[2] and harassment.[3] After careful review, we affirm.

On May 6, 2018, Smith strangled his girlfriend, Holly Siffel (Siffel), in an apartment they shared in Quakertown, Bucks County. He placed his hands around Siffel's neck for 30 seconds, preventing her from breathing, and then punched her three time in the head. Siffel did not report the assault until the

---

[1] 18 Pa.C.S. § 2718(a)(1).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 2709(a)(1).

next day when her coworkers observed her injuries and took her to the police station. After she was interviewed, the police arrested Smith.

Before his trial, Smith made several phone calls to Siffel, even though he was subject to a no-contact provision as a condition of his bail. During those phone calls, Smith encouraged Siffel to recant her statement. Furthermore, the police intercepted additional phone calls in which Smith contacted his estranged wife, Holly Smith (Holly). In these phone calls, Smith told Holly to file a fraudulent protection from abuse (PFA) petition against Siffel, and told her to be his alibi.

Smith's attorney requested and was granted a continuance for Smith to receive a mental health evaluation. After Smith was deemed competent to stand trial, the case preceded to trial on December 11, 2018. On the first day of the trial, but prior to jury selection, Smith requested a continuance to secure Holly's presence as an alibi witness. Smith's counsel had left messages with Holly, but not one was returned. However, counsel did not file a notice of alibi because he was unable to confirm Holly's testimony and did not want to risk prejudicing his client. The court denied the request.

On December 12, 2018, a jury found Smith guilty on all charges. Sentencing was postponed until February 8, 2019 to allow for a psychiatric evaluation. On February 8, 2019, the trial court sentenced Smith to 3½ to 10 years' incarceration for strangulation and imposed no further penalty on the remaining charges. On February 19, 2019, Smith filed a post-sentence motion

arguing that his sentence was excessive. The trial court denied the motion and this timely appeal follows.

Smith raises two issues for our review:

1. Whether the trial court abused its discretion by denying [Smith's] request for a continuance to locate an alibi witness where the case had not previously been continued[]?

2. Whether the trial court abused its discretion by imposing a manifestly excessive and unjust sentence that deviated above the aggravated range of the sentencing guidelines and failed to take into consideration the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Smith]?

Appellant's Brief, at 4.

Smith first argues that the trial court's decision to deny a continuance was manifestly unreasonable. Our standard of review when considering a court's decision to deny a motion for continuance is as follows:

The grant or denial of a motion of continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is [overridden] or misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and the refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

*Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011) (quoting *Commonwealth v. Griffin*, 804 A.2d 1, 12 (Pa. Super. 2002)).

The refusal to grant a continuance to secure an alibi witness may constitute an abuse of discretion. *Commonwealth v. Howard*, 353 A.2d 438, 439 (Pa. 1976). However, a trial court has the discretion to deny a

continuance request to secure evidence for an alibi defense if the defendant fails to file and serve notice of the alibi defense. Pa.R.Crim.P. 567(a); *Commonwealth v. Lyons*, 833 A.2d 245, 257 (Pa. Super. 2003) (finding court properly excluded alibi witnesses when defendant did not give notice prior to trial).

> [F]actors to be considered to determine whether the trial court's discretion was properly exercised are: (1) the necessity of the witness to strengthen the defendant's case; (2) the essentiality of the witness to defendant's defense; (3) the diligence exercised to procure his presence at trial; (4) the facts to which he would testify; and (5) the likelihood that he could be produced at the next term of court.

*Commonwealth v. Robinson*, 864 A.2d 460, 509 (Pa. 2010).

Here, the record reveals the following. While in prison, Smith had been in contact with Holly and requested that she testify at trial. N.T. Trial, 12/11/18, at 6. Furthermore, counsel had known of Holly for at least two weeks prior to trial.[4] *Id.* at 5. However, Smith's counsel was unable to contact her even though his "investigator . . . has been calling her around the clock." *Id.* at 3. Thus, counsel never gave notice of his intent to call an alibi witness because he was unable to confirm the facts to which she would testify. *Id.* at 5-6. In light of the uncertainty over the contents of Holly's testimony, and with no indication that she was available and could be produced at the

---

[4] Smith's wife testified at the preliminary hearing. However, counsel requested a competency review and did not maintain contact with witnesses.

next term of court, we find the trial court did not abuse its discretion in denying the request for a continuance. *Robinson*, 864 A.2d 460, 509 (Pa. 2010).

Next, Smith argues that his sentence was manifestly excessive because it was outside the aggravated range of the sentencing guidelines. Smith's claim represents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012). An appeal raising the discretionary aspects of sentencing is not guaranteed of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). An objection to the discretionary aspects of sentencing is waived if it is not raised at the sentencing hearing or in a motion to modify sentence. *Commonwealth v. Anderson*, 830 A.2d 1013, 1013 (Pa. Super. 2003). An appellant who challenges the discretionary aspects of sentencing must include in his or her brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In addition, appellate review will only be granted if the appellant raises a substantial question that the sentence is inappropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Byrd*, 657 A.2d 961, 963 (Pa. Super. 1995); *Williams*, 562 A.2d at 1387. However, "[i]f an appellant fails to comply with [Rule] 2119(f) and the Commonwealth does not object, the reviewing court may overlook the omission if the presence of a substantial question can easily be

determined from the appellant's brief." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003).

The existence of a substantial question must be determined on a case-by-case basis. ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000).

As noted above, Smith preserved this claim in his post-sentence motion, and his appeal was timely filed. Although Smith failed to include a separate Rule 2119(f) statement in his brief, the Commonwealth did not object to the absence of the statement.[5] Furthermore, "[a] claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline range[] presents a substantial question for our review." ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001) (internal quotation marks omitted). Thus, we will overlook the omission of a Rule 2119(f) statement and address the merits of Smith's sentencing claim. ***Anderson***, 830 A.2d at 1017.

_____

[5] The Commonwealth argued that Smith failed to raise a substantial question. Appellant's Brief, at 12. However, the Commonwealth never specifically objected to the absence of a Rule 2119(f) statement.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

> In sentencing outside the guidelines, the sentencing judge must follow the mandates of [section] 9721(b) of the Sentencing Code.
>
> * * *
>
> The statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states [on the] record the factual basis and specific reasons which compelled him to deviate from the guideline range.

*Commonwealth v. Davis*, 737 A.2d 792, 798 (Pa. Super. 1999) (citations and quotations omitted).

In the present case, the Honorable Wallace H. Bateman demonstrated his awareness of the guideline ranges, stating them on the record. *See* N.T. Sentencing, 2/8/19, at 32. Furthermore, Judge Bateman explained his reasons for sentencing Smith above the aggregate range. Specifically, he found Smith's phone calls to the witness and victim troubling because Smith

encouraged them "to either lie or fabricate evidence or forget evidence" and that Smith's "entire purpose was to impede the truth[-]determining process of a trial." *Id.* at 34. He found this conduct, paired with Smith's history of assault, was indicative of Smith's violent nature. *Id.* at 35-36. Furthermore, he noted the victim is still in fear and Smith was unwilling to accept responsibility for the crime.[6] *Id.* at 24.

We find Judge Bateman relied on the appropriate factors when sentencing Smith. *See Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (courts must consider protection of public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant); *Commonwealth v. Miller*, 965 A.2d 276, 280 (Pa. Super. 2009) (trial court may consider many factors when imposing a sentence, including seriousness of the offense, impact on the family, defendant's unwillingness to accept responsibility, and defendant's conduct while incarcerated). Smith argues that the trial court failed to consider the characteristics of Smith that should have mitigated the sentence. Appellant's Brief, at 17. However, Smith admits that Judge Bateman mentioned the mitigating factors at the time of sentencing and we find he considered them. *Id.* While the sentence is outside the guideline range, it only exceeds the guideline range by six months. We

---

[6] While Smith claimed to take responsibility, the court correctly pointed out that Smith insisted the strangulation never occurred. N.T. Sentencing, 2/8/19, at 24.

do not find the sentence excessive or the result of bias. **Shugars**, 895 A.2d at 1275. As the court relied on appropriate factors and explained its reason for sentencing Smith outside the guideline range, we cannot say it abused its discretion. **See Davis**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/20